UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRIGO SANDOVAL,<br><br>Petitioner,<br><br>v.<br><br>CSP SACRAMENTO WARDEN,<br><br>Respondent. | No. 2:18-cv-1960 JAM DB P<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to § 2254. Petitioner claims he is serving an unlawful sentence because he was not resentenced under Proposition 36 and he has not been found eligible for parole consideration under Proposition 57. Presently before the court is petitioner's motion to proceed in forma pauperis (ECF No. 2) and his petition for screening (ECF No. 1).

**IN FORMA PAUPERIS**

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**SCREENING**

**I.     Screening Requirement**

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to

Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

## II. The Petition

Petitioner states the basis for relief is the June 30, 2016 ruling by the Sacramento Superior Court that he was not eligible for resentencing under the Three Strikes Reform Act of 2012, commonly known as Proposition 36. (ECF No. 1 at 4.) Petitioner also claims he is entitled to relief under Proposition 57.

## III. Legal Standards

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes "a highly deferential standard for evaluating state-court rulings," requiring "that state-court decisions be given the benefit of the doubt." Woodford v. Visciotti, 537 U.S. 19, 24 (2002) (quoting Lindh v. Murphy, 521 U.S. 320, 333 n.7 (1997)). Section 2241(c) provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states, "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. "[F]ederal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (citations omitted). "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation." Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir. 1989).

The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). To succeed in a petition pursuant to Section 2254, a petitioner must demonstrate that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

Petitioner may only seek habeas relief if the nature or duration of his imprisonment violates federal constitutional provisions.

A federal court can grant habeas relief only if the petitioner has demonstrated that the state court violated the United States constitution or federal law. Swarthout v. Cooke, 562 U.S. 216, 219 (2011). "'[F]ederal habeas corpus relief does not lie for errors of state law.'" McGuire, 502 U.S. at 67 (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)).

### IV. Analysis

The sole ground for relief alleged in the petition is that he received an unlawful or unauthorized sentence under California law. (ECF No. 1 at 4.) For the reasons set forth below, petitioner's claims regarding Propositions 36 and 57 are not cognizable in federal habeas.

#### A. Proposition 36

On November 7, 2012, Proposition 36, also known as the Three Strikes Reform Act of 2012, which modified California's Three Strikes law as it applies to certain third-strike indeterminate sentences, became effective. See Cal. Penal Code § 1170.126 (codifying Proposition 36 § 6). Proposition 36 "created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the [T]here [S]trikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety." See People v. Yearwood, 213 Cal. App. 4th 161, 168 (2013); see also Cal. Penal Code § 1170.126.

Whether a prisoner is eligible for recall is a matter of state law and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also Tuggle v. Perez, No. 2:14-cv-1680 KJM CKD, 2016 WL 1377790, at *7, (E.D. Cal. Apr. 7, 2016), (adopted in full June 3, 2016) (collecting cases holding that denial of motion to recall sentence does not state a cognizable claim on federal habeas review); Olivarez v. Lizarraga, No. 1:14-cv-1354 JLO MJS, 2015 WL 521431, at *3 (E.D. Cal. 2015), adopted, (E.D. Cal. Mar. 26, 2015) (noting that "no federal court addressing this issue has found federal challenges to the Three Strikes Reform Act cognizable in federal habeas.").

Accordingly, petitioner is not entitled to relief on his claim that he should have been resentenced under Proposition 36 because an alleged error of state sentencing law is not cognizable in a federal habeas proceeding.

To the extent petitioner attempts to characterize his claims within the federal constitution, his efforts cannot render such claims cognizable on federal habeas review. A petitioner may not "transform a state law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).

**B. Proposition 57**

It is now well established that the application of Proposition 57 by state courts does not raise a federal issue—the application is solely a matter of state law. Alford v. Doe, No. CV 18-00398-AB (AS), 2018 WL 1187542 (C.D. Cal. Mar. 6, 2018); Travers v. the People of California, No. 17-cv-06126-SI, 2018 WL 707546 (N.D. Cal. Feb. 5, 2018); Daniels v. CDCR, No. 1:17-cv-01510-AWI-BAM, 2018 WL 489155 (E.D. Cal. Jan. 18, 2018). California's Proposition 57, approved by voters in November 2016, makes parole more available for certain felons convicted of nonviolent crimes. See Travers, 2018 WL 707546 at *3-4.

Because success on a Proposition 57 claim will not necessarily lead to immediate or speedier release, such claims must be alleged as civil rights claims, not habeas claims. See Solano v. Calif. Substance Abuse Treat. Fac., No. CV 17-2671-RGK (AGR), 2017 WL 5640920, at *1-2 (C.D. Cal. Oct. 24, 2017) (habeas claims regarding Prop. 57 should be brought in § 1983 action), rep. and reco. adopted, 2017 WL 5641027 (C.D. Cal. Nov. 21, 2017); McCarary v. Kernan, No. 2:17-cv-1944 KJN P, 2017 WL 4539992, at *2 (E.D. Cal. Oct. 11, 2017) (challenge to applicability of Prop. 57 properly brought in civil rights action).

Proposition 57 relief "would not necessarily lead to [petitioner's] immediate or early release from confinement," but rather a discretionary parole hearing where the parole board could decline to grant parole. Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016). Therefore, petitioner's claim does not fall within the "core of habeas," and thus it should be brought in a § 1983 action. Id.

////

4

In an appropriate case, a habeas petition may be construed as a section 1983 complaint. Id. at 935-36. However, the court notes that there are several significant differences in proceeding in habeas corpus compared to a civil rights action. For instance, the filing fee for a habeas petition is $5, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For civil rights cases, however, the fee is $400 and under the Prisoner Litigation Reform Act the prisoner is required to pay $350, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust account. See 28 U.S.C. 1915(b)(1).

A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the fee would be deducted from income to his or her account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. Based on these differences between habeas and civil rights cases, rather than construe the petition as a civil rights action, the court will give petitioner an opportunity to amend to assert a claim under 42 U.S.C. § 1983 if he chooses.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. The petition is dismissed without prejudice because his claim is not cognizable in federal habeas.
3. Petitioner may amend his pleading and present his Proposition 57 claim in a civil right complaint pursuant to 42 U.S.C. §1983, rather than a habeas petition. The Clerk of Court shall send petitioner a blank civil rights complaint form along with a copy of this order.
4. Should petitioner choose to amend and present this claim in a civil rights action, he must file a civil rights complaint within thirty days of the filed date of this order. Petitioner is advised that he must make the complaint a stand-alone pleading. The court cannot refer back to petitioner's dismissed habeas petition in order to make the

////

complaint complete. Local Rule 220 requires that a new complaint be complete in itself without reference to any prior pleading.

5. If petitioner chooses to amend to assert his Proposition 57 claim under 42 U.S.C. § 1983, he should file a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1). Petitioner's failure to file a complaint or otherwise respond to this order will result in a recommendation that his action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 110.

Dated: April 1, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Habeas.sand1960.scrn