UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRIGO SANDOVAL,<br><br>Petitioner,<br><br>v.<br><br>CSP SACRAMENTO WARDEN,<br><br>Respondent. | No. 2:18-cv-1960 JAM DB P<br><br><br><br>ORDER |

Petitioner is a state prisoner who was proceeding pro se with a petition for writ of habeas corpus pursuant to § 2254. Petitioner alleged that he has not been resentenced pursuant to Proposition 36 and he has not been found eligible for parole consideration under Proposition 57. (ECF No. 1.) Judgment was entered and this action was closed on July 11, 2019. (ECF Nos. 14, 15.) Presently before the court is petitioner's motion to modify the judgment. (ECF No. 16.)

**I.    Background**

Upon screening the petition, the court determined that petitioner's claim is not cognizable in a habeas case and must be brought, if at all, under 42 U.S.C. § 1983. (ECF No. 12.) The court dismissed the petition and gave petitioner the option of converting this action into a civil rights case pursuant to § 1983. Petitioner was warned that failure to file a § 1983 complaint or otherwise respond to the court's order would result in a recommendation that this action be dismissed. (ECF No. 12 at 6.) Petitioner did not file any response to the court's order. After the time to file a response expired, the undersigned recommended that this action be dismissed. (ECF

No. 13.) Petitioner did not file objections or otherwise respond to the findings and recommendations. The findings and recommendations were adopted, and judgment was entered on July 11, 2019. (ECF Nos. 14, 15.)

Petitioner filed a motion requesting that the court modify the order adopting the findings and recommendations on July 31, 2019. (ECF No. 16.) He specifically requests an addition to the court's July 10, 2019 order directing petitioner to file and exhaust the administrative grievance process prior to filing a § 1983 action. (Id. at 4.) Petitioner states that without an order from this court ordering him to file and exhaust all available administrative remedies, the prison appeal office will cancel petitioner's grievance based on a failure to comply with the time constraints. However, if the court modifies its order to explicitly direct petitioner to exhaust administrative remedies the prison appeals office will allow him to exhaust.

**II.     Legal Standards**

Because the motion was filed within 28 days after the entry of final judgment, the court construes the motion as one filed under Federal Rule of Civil Procedure 59(e). A Rule 59(e) motion to alter or amend the judgment is an "extraordinary remedy which should be used sparingly." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). In general, there are four grounds upon which a Rule 59(e) motion may be granted:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Id. (citing McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)).

To demonstrate "manifest error," petitioner must show the judgment rests on an incorrect factual assumption or clear error of law. However, new legal arguments that should have been raised previously are not appropriate in a Rule 59(e) motion. Divane v. Krull Elec. Co., Inc., 194 F.3d 845, 850 (7th Cir. 1999).

////

////

**III. Discussion**

Petitioner has not cited any newly discovered evidence or a change in the law to support his motion. Additionally, petitioner has not shown that the there is an error of law or fact upon which the judgment rests. The court dismissed his claim for failure to prosecute and failure to comply or otherwise respond to court orders. (See ECF Nos. 13, 14.) Petitioner challenges a new issue, exhaustion, that is unrelated to the underlying judgment.

Further, the court finds there is nothing in the record to indicate that petitioner could not have raised this issue earlier. Petitioner has not put forth any information explaining why he did not bring this issue before the court prior to the entry of final judgment despite having at least two opportunities. Therefore, the court finds that petitioner has not met his burden of showing that the judgment should be altered.

However, the court will deny the motion to modify the judgment without prejudice. Should petitioner file a renewed motion to modify he should explain why he did not put the exhaustion issue before the court prior to entry of final judgment.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to modify the order adopting the findings and recommendations (ECF No. 16) is denied without prejudice.

Dated: March 2, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE